```
                               UNITED STATES DISTRICT COURT
                               SOUTHERN DISTRICT OF FLORIDA

                               CASE NO. 06-14252-CIV-MOORE
                                       (03-14052-CR-MOORE)
                               MAGISTRATE JUDGE P. A. WHITE
```

ANTHONY CHARLES STEPHENS,    :

    Movant,              :

v.                           :     REPORT OF
                                   MAGISTRATE JUDGE
UNITED STATES OF AMERICA,    :

    Respondent.          :
_____

Anthony Stephens, a federal prisoner currently confined at the Federal Correctional Institution in Fort Worth, Texas, filed a pro se motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence imposed following a jury verdict of guilty in Case No. 03-14052-Cr-Moore.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

For its consideration of the motion to vacate and memorandum and exhibits in support thereof, the Court has the government's response to an order to show cause with exhibits and the underlying criminal file.

Stephen raises four claims as follow:

    1.   He received ineffective assistance of counsel when counsel:

> A. Deprived him of his right to testify in his own behalf.
>
> B. Failed to object to the admission of unsealed tapes.
>
> C. Failed to retain an audiotape analysis expert.
>
> D. Failed to call key witnesses and present exculpatory evidence.
>
> 2. The Assistant U.S. Attorney's use of false evidence violated Stephens' Fifth and Sixth Amendment constitutional rights.
>
> 3. The prosecution's closing arguments violated Stephens' Fifth and Sixth Amendment constitutional rights.
>
> 4. The combination of errors, in the aggregate, violated Stephens' Fifth and Sixth Amendment constitutional rights.

Stephens was charged by indictment possession with intent to distribute 50 grams or more of cocaine base ("crack cocaine"). (Cr. DE# 1). He proceeded to trial by jury and was found guilty as charged. (Cr. DE# 36). The Court sentenced him to 121 months imprisonment, followed by five years of supervised release. (Cr. DE# 46). He prosecuted an appeal, raising four issues as follow:

> 1. The district court erred in denying his motion to suppress his post-arrest statements that he knew Markyrie McCray and Ezzard Dixon, who implicated him as their crack cocaine supplier, because he did not intelligently waive his right to remain silent.
>
> 2. The district court abused its discretion in admitting his post-arrest statements into evidence because their only relevance was to show that he was a person of bad

>    character and had a propensity to engage
>    in criminal activity, or, alternatively,
>    because the probative value was
>    substantially outweighed by the undue
>    prejudice.
>
> 3. The district court committed error in not
>    requiring the government to produce
>    several witnesses, in violation of his
>    right of confrontation.
>
> 4. The district court abused its discretion
>    in admitting into evidence an audiotape of
>    the June 5, 2003 transaction and a
>    transcript of a portion of the tape, to
>    which he did not object because he
>    believed it contained exculpatory
>    evidence.
>
> 5. His sentence was unlawfully imposed in
>    violation of United States v. Booker, 125
>    S.Ct. 738 (2005). (Cr. DE# 80).

His conviction and sentence were affirmed in a written, unpublished opinion entered on June 23, 2005. Stephens did not file a petition for writ of certiorari, and this timely motion to vacate ensued.

The Eleventh Circuit summarized the facts as follow:

> Appellant's conviction was the result of an
> undercover investigation by the Florida
> Department of Law Enforcement, the Drug
> Enforcement Administration ("DEA"), and the
> sheriff's offices of two Florida counties,
> Highlands County and St. Lucie County. On June
> 5, 2003, in Avon Park, Florida, appellant sold
> three crack cocaine cookies weighing 62.7 grams
> to a confidential source for $2300. Several
> law enforcement officers witnessed the
> transaction. The officers did not arrest
> appellant at that time; rather, they set up a
> surveillance in an attempt to identify the
> source his [sic] drugs. The attempt failed,

3

> and on September 4, 2003, a Highlands County Sheriff's Office investigator and DEA agents arrested appellant for the June 5 trafficking episode. After receiving his Miranda warnings and acknowledging that he understood his rights, appellant stated that he had sold cocaine in the past but had been out of the crack cocaine business for a year--after returning from Jamaica and learning that his friends, Markyrie McCray, Ezzard Dixon, and Kenneth Jenkins, had been arrested for selling drugs. He said that after learning about their arrests, he limited his drug trafficking to marijuana.

Stephens argues in his first claim that he received ineffective assistance of counsel in four instances, when counsel: 1) deprived him of his right to testify, 2) failed to object to the admission of unsealed tapes, 3) failed to hire an audiotape analysis expert, and 4) failed to call key witnesses and present exculpatory evidence.

In order to prevail on a claim of ineffective assistance of counsel, Stephens must establish that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984). Thus, he must show that his counsel's performance was below constitutional standards and that he suffered prejudice as a result.

In general, scrutiny of an attorney's performance is highly deferential and reviewing courts will not second-guess strategic decisions; rather, the attorney's performance is evaluated in light of all the circumstances as they existed at the time of the conduct, and is presumed to have been adequate. Strickland v. Washington, supra at 689-690. Thus, the Supreme Court has held that strategic

4

choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. Strickland v. Washington, supra at 690-691.

A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Holladay v. Haley, 209 F.3d 1243, 1248 (11 Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong."); Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995).

Stephens first argues that counsel rendered ineffective assistance by depriving him of his right to testify. He alleges that when counsel spoke with him concerning his right to testify, he told counsel that he wanted to exercise his right, but counsel rested without calling him as a witness. In reply to the government's response, Stephens asserts that counsel's refusal to allow him to testify, "deprived [him] of presenting the defense theory [that] he was set up by the two (2) felonious confidential informants and police officers who are now under investigation for corruption," and it deprived him of the opportunity for the jury to hear his voice so that they could determine that his was not the voice on the audiotape introduced into evidence.

The law is well settled that a criminal defendant has a fundamental constitutional right to testify in his or her own behalf at trial. Rock v. Arkansas, 483 U.S. 44, 49-52 (1987); United States v. Teague, 953 F.2d 1525, 1532 (11 Cir. 1992) (en banc). This right is personal to the defendant and cannot be waived by the

trial court or defense counsel. Teague, supra at 1532; Brown v. Artuz, 124 F.3d 73, 77-78  (2 Cir. 1997).

Counsel must advise the defendant of his right to testify or not to testify, the strategic implications of each choice, and that the ultimate decision whether to testify belongs to the defendant alone. Teague at 1533. Counsel may advise the defendant, and should do so in the strongest possible terms not to testify if counsel believes that it would be unwise for the defendant to testify. Id. As with any other claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and he was prejudiced as a result. Strickland, supra.

Based upon the allegations contained in the memorandum in support of the petition for writ of habeas corpus, counsel advised Stephens not to testify because counsel believed that the jury would not be able to understand him because he talks too fast and the jury would have a hard time understanding him. (DE# 2 at 3). The record also reveals that counsel believed the evidence to be insufficient to sustain a guilty verdict, based upon his closing argument wherein he argued that the government had failed to carry its burden of proof. The evidence against him included an audio tape recording, which was short, unintelligible and of poor quality. (DE# 3; Exs. 16 and 22, which describe the tape). The transcript of the tape was only one page long. In addition, three police officers testified that they personally observed Stephens selling crack cocaine, and he himself admitted in a post-arrest statement that he had sold crack cocaine in the past but was then limited to only selling marijuana. The evidence against him was substantial, even if the tape recording had not been introduced.

Stephens has a constitutional right to testify. However, in the context of this motion, he must show that his attorney's performance was deficient and that he suffered prejudice as a result. He has not proffered the substance of his proposed testimony, except to say that the jury could have heard his voice and discerned that he was not the person on the tape recording introduced at trial. In light of the testimony of the police officers who observed the transaction and his statement admitting his drug dealing activities, there is little probability that he would have been acquitted had the jury heard him testify that his voice was not on the short, unintelligible audiotape. Even if counsel performed deficiently by failing to call him to testify, he was not prejudiced. He is not entitled to relief.

Stephens also argues that counsel rendered ineffective assistance by failing to object to the admission of unsealed tape. In essence, Stephens is challenging counsel's failure to move to suppress the tape and failure to object to the admission of the tape on the grounds that the voice on the tape was not Stephens'. The tape was admissible and Stephens has not provided any legal basis for sustaining an objection to the admission of the tapes. Moreover, as discussed above, the evidence against him was substantial, including the testimony of three law enforcement officers who observed him engage in a cocaine sale. He has not demonstrated prejudice.

He next challenges counsel's failure to hire an expert to challenge the authenticity of the tapes. His own exhibits reveal that the tape was of poor quality, unintelligible, and short. Although he claims that his was not the voice on the tape, there is nothing in the record to support his claim. Thus, he has not provided anything, other than his protestations, to show that had

7

the tape been evaluated by an expert, it would have been concluded that his voice was not on the tape. Nor has he shown that the result of the trial would have been different in light of the eyewitness testimony against him and the brevity of the tape.

Finally, Stephens argues that counsel was ineffective when he failed to call key witnesses and present exculpatory testimony. He maintains that counsel should have called Noel G. Dennis, Ezzard Dixon, Markyrie McCray, Kenneth Jenkins, and Takaria McCray as defense witnesses. According to Stephens, all were confidential informants who were either involved in the transaction, participated in the drug trade with him, or provided inculpatory evidence against him to law enforcement officials. He states on numbered page 10 of the memorandum in support of the motion that trial counsel "could have filled in the 'missing evidence' for the jury had he conducted a reasonably adequate and substantial investigation of the above named persons." Counsel argued in closing that there was a lack of evidence and pointed out that the government did not call the people who were involved in the transaction.

For obvious reasons, it was sound trial strategy for counsel to decline to call witnesses to testify against his client. Because of their absence from the trial, counsel was able to argue that there was a lack of evidence to the jury. He could challenge their credibility without the jury having had an opportunity to observe their demeanor. He could also challenge the eyewitnesses testimony without having to challenge the person to whom Stephens actually sold the cocaine.

Stephens also complains about counsel's failure to call Gregory Jackson and Kyle Williams as defense witnesses. They

8

provided affidavits stating that they would have testified at trial that they overheard conversations while in jail which revealed that the aforementioned witnesses were lying about Stephens' involvement in cocaine trafficking.  None of the aforementioned witnesses were called to testify at trial and their statements were not introduced against Stephens, so that it is not likely that counsel could have introduced their testimony.  Three law enforcement officers testified that they personally observed Stephens engage in a drug transaction, and Stephens' witnesses' testimony would not have refuted their eyewitness accounts.  It is not likely that the result of the trial would have been different had those witnesses been called by defense counsel.  Stephens has failed to show that he received ineffective assistance of trial counsel, and he is not entitled to relief on his first claim.

In his second claim, Stephens argues that the government knowingly used false evidence to secure his conviction. Specifically, he argues that audiotapes were fabricated and that the testimony of law enforcement officers was not true.  He has not submitted any evidence to show that the officers fabricated evidence against him or that the government knew of the alleged fabrication.

A conviction which rests in part upon the knowing use of false testimony must be overturned if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.  DeMarco v. United States, 928 F.2d 1074, 1077 (11 Cir. 1991).  The Eleventh Circuit has refused to impute knowledge of falsity to the government in circumstances where a key government witness' testimony conflicts with another's statement or testimony. United States v. Michael, 17 F.3d 1383, 1385 (11 Cir. 1994).  The conflict is not a constitutional violation in and of itself,

9

demonstrating that the government knowingly presented false testimony; it raises questions of credibility which are exclusively within the province of the jury. United States v. Kelley, 412 F. 3d 1240, 1247 (11 Cir. 2005).

Stephens has not established that the government violated his constitutional rights when it introduced the tapes and transcripts into evidence or the testimony of the agents. He is not entitled to relief on his second claim.

In his third claim, Stephens argues that the government engaged in prosecutorial misconduct during closing arguments, when it commented on his failure to testify. Specifically, he argues that the government stated during closing argument:

> I ask you to evaluate the respective cases here. Which case was straight forward and attempted to bring facts, whatever the facts are to you? And which case attempted to or perhaps shade.... I'm talking about argument about Mr. Perez's here, that's all I'm talking about...

Stephens argues that the government's statement was a comment on his failure to testify and violated his right to remain silent.

When considering whether the government engaged in prosecutorial misconduct by making an improper argument, the Court must evaluate four factors, including 1) the degree to which the challenged remarks have a tendency to mislead the jury and to prejudice the accused, 2) whether they are isolated or extensive, 3) whether they were deliberately or accidentally placed before the jury, and 4) the strength of the competent proof to establish the guilt of the accused. Davis v. Zant, 36 F.3d 1538, 1546 (11 Cir.

1994). A defendant's substantial rights are prejudicially affected when there is a reasonable probability that, but for the remarks, the outcome of the trial would have been different. <u>United States v. Eckhardt</u>, 466 F.3d 938, 947 (11 Cir. 2006). If there is sufficient evidence of guilt, the error is harmless. <u>Id</u>.

The comment identified by Stephens was an isolated comment, apparently made in response to his theory of defense. When an objection was made, the government responded that it was merely talking about defense counsel's argument. The comment was not misleading or intended to mislead; and, in light of the substantial evidence against Stephens, the argument, however inartful it may have been, was harmless. Stephens is not entitled to relief on his third claim.

In his fourth claim, Stephens argues that the combination of errors violated his constitutional rights and entitle him to a new trial.

Bare and conclusory allegations which contradict the existing record and are unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration. <u>See</u> <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11 Cir. 1991), <u>cert.</u> <u>denied</u>, 502 U.S. 1105 (1992)(a petitioner is not entitled to habeas corpus relief when his claims are merely conclusory allegations unsupported by specifics or in the face of the record are wholly incredible). Stephens is not entitled to relief on his fourth claim.

It is therefore recommended that this motion to vacate sentence be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed in chambers at Miami, Florida, this 9th day of August, 2007.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Anthony Charles Stephens, Pro Se
      Reg. No. 74804-004
      FCI - Fort Worth
      Dallas Unit
      P.O. Drawer 15330
      Fort Worth, TX 76119-0330

      Theodore Cooperstein, Esq.
      Assistant United States Attorney